UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
——————————————————X
ALEX ANDERSON,

        Plaintiff,

    -against-

ISAAC BAMPOE, individually and in his official capacity as psychiatrist; KEVIN COTTEREL, individually and in his official capacity as psychiatrist; ELISABETH LESCOUFLAIR, individually and in her official capacity as psychiatrist; RESIDENT DOCTOR A. GREEN, individually and in his official capacity as psychiatrist; ADE ADELADAN, individually and in his official capacity as psychiatrist; CHERYL GALLAGHER, individually and in her official capacity as hospital administrator; MALI SAMUS, individually and in her official capacity as psychiatrist; ELLEN KLIEN, individually and in her official capacity; CHARLES CAPELLA, individually and in his official capacity; UNKNOWN DR. HELLMAN, individually and in his official capacity as psychiatrist; NEW YORK CITY HEALTH & HOSPITALS CORPORATION; THE CITY OF NEW YORK (together the "Municipal Defendants"); DIRECTOR JOHN PALMER, Hospital Center; AMERICAN BOARD OF PSYCHIATRY and NEUROLOGY BOARD OF SPECIAL COMPETENCY AND EVALUATION,

        Defendants.
——————————————————X

**MEMORANDUM AND ORDER**
06-CV-5009 (BMC)

**COGAN**, United States District Judge:

    Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. §§ 1983 and 1985 against various physicians, psychiatrists, hospitals and agencies in New York and Richmond Counties. He seeks monetary damages. The Court grants plaintiff's requests to proceed *in forma*

*pauperis* pursuant to 28 U.S.C. § 1915, dismisses some of his claims, and directs plaintiff to submit an amended complaint within thirty days of the instant Order as detailed below.

**I. Standard of Review**

In reviewing plaintiff *pro se 's* complaint, the Court is mindful that it should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980). Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(I) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "'the factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy," or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citations omitted).

**II. Background**

Plaintiff has been a litigant in this Court for three years. All of his claims are against doctors and physicians involved in his medical or psychological treatment, and the courts, hospitals and agencies involved in his involuntary hospitalizations, psychiatric treatment and criminal proceedings. Plaintiff has two pending actions in this Court: Anderson v. Asemota, et al., 03-CV-3234 (BMC)(LB) and Anderson v. Gellery, et al., 04-CV-5374 (BMC)(LB). A third action, filed July 14, 2006, was dismissed by Order dated September 12, 2006. Anderson v. Chou et al., 06-CV-3563 (BMC).

On that same day, plaintiff filed two new actions in this Court.[1] The instant complaint

---

[1] Plaintiff filed these same two actions in the United States District Court for the Southern District of New York (Southern District) last year. Anderson v. Salzman et al., 05 Civ. 9754 (MBM); Anderson v. Bampoe et al., 05 Civ. 9755 (MBM). By Orders dated November 18, 2005, the Southern District directed plaintiff to file an amended complaint within sixty days in each of the actions. Id., docket entry 3. Each of the Orders further stated that if plaintiff failed to comply with the order, the complaint would be dismissed. Id. On December 9, 2005, the Orders, both sent to "Alex Anderson c/o Vincent M. Lomanginio, Esq. Of Mental Hygiene Legal Services at Bldg 6, 777 Seaview Avenue, State Island, NY 10305" were returned to the Court for the following reason: "Return to Sender- no contact with individual." Id. Thereafter, on March 31, 2006, the Southern District dismissed each of the actions

2

alleges mistreatment by doctors, involuntary commitment and forced medication. The second action, <u>Anderson v. Salzman et al.</u>, 06 CV 5011 (BMC), alleges civil rights violations by various physicians, psychiatrists, hospitals and agencies in New York County. That action, having no connection to this District, was transferred to the United States District Court for the Southern District of New York by a separate Order.

## III. Background

The Court has compared the complaint filed in this Court with the complaint in the case previously filed in the Southern District, <u>Anderson v. Bampoe et al.</u>, 05 Civ. 9755, and finds them to be substantially the same.[2] Plaintiff's allegations concern his treatment at two venues. The first is South Beach Psychiatric Center ("South Beach") located on Staten Island in Richmond County, New York. Plaintiff alleges that after his "court-ordered release" from that facility on November 26, 2004, he was ordered to undergo out-patient treatment. Complaint at 12-13. It is unclear from the complaint whether that treatment was to occur at South Beach or at St. Vincent's Hospital in Staten Island, or both, <u>id.</u> at 13-14, but plaintiff alleges that South Beach was "under instructions . . . to violate Anderson's U.S. constitutional rights." <u>Id.</u> at 13. Plaintiff also alleges that misdemeanor charges were lodged against him sometime in 2003 in order to "reconfine" him "for missed appointments." <u>Id.</u> at 15. Plaintiff alleges that on December 20, 2004, he returned to South Beach "to confer with his attorney Vincent

---

"[s]ince plaintiff has failed to file an amended complaint as specified, or otherwise prosecute this action." <u>Id.</u>, Civil Judgment. While plaintiff never complied with the Orders of the Southern District, six months later he filed the slightly amended actions here.

[2] The only distinctions are: (1) plaintiff omits the "mental hygiene judge" and William McCove from the caption and deletes paragraphs 14-16 and 22-25, which concerned his claims against these defendants, Complaint at 19, 21; (2) between paragraphs 31 and 32, plaintiff inserts photocopied excerpts from the Southern District Order of November 18, 2005 in <u>Anderson v. Bampoe et al.</u>, 05 Civ. 9755 regarding involuntary hospitalization, forced medication, defendants' personal involvement, conspiracy claims, and venue, <u>id.</u> at 28-36, and a handwritten section regarding the standard for finding municipal defendants liable under 42 U.S.C. § 1983, <u>id.</u> at 26-27; (3) pages 26 to 35 of the complaint filed in the Southern District, which listed general allegations against defendants and requests for various damages, are replaced with what are labeled pages 46 to 48 and which contain a list of monetary damages plaintiff seeks.

3

Lomanginio." Id. While there, plaintiff went to "building #6" to wish "his former friends (inpatients) and staff a merry Christmas." Id. at 16. Plaintiff was accused of having threatened someone in building six, which he denies. Id.

The second locus of plaintiff's allegations is the psychiatric unit of the Health and Hospital Cooperation's Harlem Hospital ("Harlem Hospital"), where plaintiff alleges he was involuntarily hospitalized for eighty-seven days. Plaintiff claims that on March 2, 2005, he was transported there to undergo a psychiatric evaluation of "dangerousness" because he "allegedly [] violated the court order of assisted outpatient treatment." Id. at 8, 17. Plaintiff claims that he is not and never has been mentally ill, and that he was placed in the psychiatric ward of Harlem Hospital because he is essentially a "cash cow" for the hospital due to funding from the medicaid program. Id.

Plaintiff further alleges that on March 30, 2005,[3] he received a civil hearing at Harlem Hospital at which defendant Dr. Lescouflair, a psychiatrist, testified that he was mentally ill, suffering from chronic paranoid schizophrenia. Id. at 9, 21. In addition, defendant Dr. Bampoe, another psychiatrist, also testified to his mental health at this legal proceeding. Id. at 21. Plaintiff apparently disagrees with the psychiatrists' evaluations of his mental health, and brings this action alleging a conspiracy. Plaintiff seeks to challenge the determination that he is mentally ill and the resulting involuntary detention at Harlem Hospital. Id. at 21-25. Although unclear, it appears that plaintiff is also seeking to assert a claim that he was medicated over his objections at the time of his hearing on March 30, 2005 at Harlem Hospital. Id. at 10-11.

## IV. Venue

As an initial matter, the Court notes that to the extent plaintiff seeks to assert claims about events occurring at Harlem Hospital in Manhattan, the United States District Court for the Eastern District of New York is not the appropriate court in which to file these allegations.

---

[3] Plaintiff also refers to the date of March 10, 2005. Id. at ¶ 18.

Under 28 U.S.C. § 1391, a § 1983 action may be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. Manhattan, which is in New York County, is located in the judicial district of the United States District Court for the Southern District of New York.

If an action is filed with the wrong district court, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406 (a). This provision vests broad discretion with the court to decline to transfer a case where it would not be in the interest of justice to effect such a transfer. Because the Court finds plaintiff's case to be of questionable merit, it declines to transfer his claims regarding events or omissions that occurred in Manhattan to the Southern District.[4] Instead, to the extent plaintiff's claims concern events which clearly occurred in Manhattan, those claims are dismissed. Plaintiff may move to reopen the previously-filed action in the Southern District if he seeks to pursue these claims. As for the claims concerning events that occurred in this District, plaintiff is directed to file an amended complaint as specified below.

## V. Discussion

### A. Forced Medication

Plaintiff intimates that he was involuntarily medicated with psychotropic drugs at the time of his hearing on March 30, 2005 at Harlem Hospital. Complaint at 10-11; ¶ 20. The Fourteenth Amendment protects the right of a competent person to refuse unwanted medical treatment. See, e.g., Cruzan v. Director, Mo. Dep't of Health, 497 U.S. 261, 278 (1990) ("The

---

[4] The Court also declines to transfer this action to the Southern District because it is unclear where some of the alleged constitutional violations occurred; at least some of the alleged violations occurred in this District; the residences of the defendant doctors are unknown; and plaintiff's previously-filed nearly-identical complaint in the Southern District was dismissed.

5

principle that a competent person has a constitutionally protected liberty interest in refusing unwanted medical treatment may be inferred from our prior decisions."). It is also firmly established under New York law that an adult has the right to refuse medical treatment except "in narrow circumstances, including those where the patient presents a danger to himself or other members of society or engages in dangerous or potentially destructive conduct within the institution." Kulak v.City of New York, 88 F.3d 63, 74 (2d Cir. 1996) (citation and internal quotation marks omitted); see also Project Release v. Prevost, 722 F.2d 960, 978-80 (2d Cir. 1983); Lombardo v. Stone, No. 99 Civ. 4603 (SAS), 2001 WL 940559, at * 9-10 (S.D.N.Y. Aug. 20, 2001). The right to refuse medication is reflected in N.Y. Com. Codes R. & Regs. Tit. 14 § 527.8©, which provides that a patient may only be treated against his will by court authorization or in emergency situations "where the patient is presently dangerous and the proposed treatment is the most appropriate reasonably available means of reducing the dangerousness" and that "[s]uch treatment may continue only as long as necessary to prevent dangerous behavior." See Kulak, 88 F.3d at 74; Lombardo, 2001 WL 940559, at *10.

In the instant complaint, plaintiff appears to allege that he was forcibly medicated with psychotropic drugs at either or both South Beach and Harlem Hospital, but he does not state where or when. Should plaintiff wish to pursue this claim, he must detail in his amended complaint any incident which occurred in this District in which he was forcibly medicated against his will. He must name the individuals who administered the drugs as defendants, identify the medications, and show that their administrations were not necessary to protect his safety or the safety of others. See Doe v. Dyett, Bo, 84 Civ. 6351, 1993 WL 378867, at *3 (S.D.N.Y. Sept. 24, 1993) (administering medicine to a dangerous patient in order to make the patient less dangerous does not violate the Constitution).

**B. Defendants' Personal Involvement**

As a prerequisite to a damage award under § 1983, a plaintiff must allege each defendant's direct or personal involvement in the alleged constitutional deprivation, Wright v.

Smith, 21 F.3d 496, 501 (2d Cir. 1994); Moffit v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991), or that she or he had actual or constructive notice of the deprivation. Al-Jundi v. Estate of Nelson Rockefeller, 885 F.2d 1060, 1065-66 (2d Cir. 1989); McCann v. Coughlin, 698 F.2d 112, 125 (2d Cir. 1983). Liability for damages in a § 1983 action may not be based on the *respondeat superior* or vicarious liability doctrines. Monell v. Dep't of Social Services, 436 U.S. 658, 691 (1978); Al-Jundi, 885 F.2d at 1065. The present complaint fails to allege any facts demonstrating that the defendants named,[5] except for defendants Bampoe and Lescouflair, had any direct involvement with, knowledge of, or responsibility for the alleged deprivation of plaintiff's civil rights. Plaintiff must allege direct or personal involvement in the alleged violations by the named individuals other than Bampoe and Lescouflair, failing which such claims shall be dismissed.[6]

## C. Claims Against American Board of Psychiatry and Neurology Board of Special Competency and Evaluation

A claim for relief under § 1983 must allege facts showing that each defendant acted under color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties, thus, are not generally liable. Rendell-Baker v. Kohn, 457 U.S. 830, 838-42 (1982); Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 155-57 (1978); Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 173 (1972); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970). The Fourteenth Amendment, which prohibits states from denying federal constitutional rights and guarantees due

---

[5] Defendants Kevin Cotterel; Dr. A. Green; Ade Adeladan; Cheryl Gallagher; Mali Samus; Ellen Klien; Charles Capella; Dr. Hellman; and John Palmer.

[6] Moreover, according to plaintiff's complaint, these defendants were employed by Harlem Hospital in New York County and thus appear to have no connection to this District. As discussed above, because the complaint is unclear as to which alleged acts occurred in which venue and where each defendant resides, the Court affords plaintiff the opportunity to amend the complaint to plead with specificity the locations of and individuals involved in the alleged acts.

7

process, applies to acts of states, not to acts of private persons or entities. Rendell-Baker, 457 U.S at 837- 38. Since defendants American Board of Psychiatry and Neurology Board of Special Competency and Evaluation are private parties, they are not proper parties to a § 1983 claim and are therefore dismissed from this action. 28 U.S.C. § 1915 (e)(2)(B)(ii).

**D. Conspiracy Claims**

As to plaintiff's conclusory allegation of a conspiracy to deprive him of his constitutional rights, the claim is dismissed at to all defendants. 28 U.S.C. § 1915(e)(2)(B)(ii). Granting plaintiff's complaint the liberal reading required by Haines v. Kerner, 404 U.S. 519, 520-521 (1972), it may be construed as a complaint under 42 U.S.C. § 1985, alleging a conspiracy by two or more persons to deprive him of the equal protection of the law.

To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege "(1) a conspiracy; (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States." Thomas v. Roach, 165 F.3d 137, 146 (2d Cir. 1999). A conspiracy in violation of 42 U.S.C. § 1985(3) can be established by showing that the parties have a tacit understanding to carry out the prohibited conduct; it is not necessary to show that an explicit agreement exists. Id. (citing LeBlanc-Sternberg v. Fletcher, 67 F.3d 412, 427 (2d Cir. 1995)). However, plaintiff must also show that the conspiracy was motivated by "some racial or perhaps otherwise class-based, invidious discriminatory animus." Id. (quoting Mian v. Donaldson, Lufkin & Jenrette Securities Corp., 7 F.3d 1085, 1088 (2d Cir. 1993)).

Claims of conspiracy that are vague and provide no basis in fact must be dismissed. Boddie v. Schnieder, 105 F.3d 857, 862 (2d Cir. 1997) (as to a § 1985 claim, "a complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss"); Polur v. Raffe, 912 F.2d 52, 56 (2d Cir. 1990), cert. denied, 499 U.S. 937 (1991); Silverman v. City of New York, No. 98-CV-6277,

2001 WL 21843, *7 (E.D.N.Y. Feb. 2, 2001). Plaintiff's instant allegations are vague and conclusory, and do not establish the existence of an agreement among defendants to deprive plaintiff of his constitutional rights. Therefore, plaintiff's § 1985(3) claim against all defendants must also be dismissed. 28 U.S.C. § 1915 (e)(2)(B)(ii).

**E. Leave to Amend**

In light of plaintiff's *pro se* status, the Court grants plaintiff thirty days from the date of this Order to amend his complaint. Cruz v. Gomez, 202 F.3d 593, 596-98 (2d Cir. 2000) (*pro se* plaintiff should be afforded an opportunity to amend complaint prior to dismissal). Should plaintiff choose to submit an amended complaint, he must limit his claims to events which occurred in this District, that is, at South Beach and not at Harlem Hospital. He must name the individuals involved and provide specific facts about the events that occurred at that facility that plaintiff believes violate a constitutional right, describing any injuries suffered as a result of these acts. The amended complaint should also fully detail the forcible administration of psychotropic medication to plaintiff, if any, by describing the circumstances and providing the names of any medicine he was given. While pleading these facts, plaintiff must specify what each individual defendant did or failed to do. Plaintiff is reminded that the complaint must link the defendants named in the caption to the events described in the body of the complaint, and give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event. Finally, plaintiff must specifically state the relief he is seeking from the court, *e.g.* award plaintiff money damages, order defendants to do something or stop defendants from doing something.

**Conclusion**

Plaintiff's 42 U.S.C. § 1985 claims against all defendants, and plaintiff's 42 U.S.C. § 1983 claims against the American Board of Psychiatry and the Neurology Board of Special Competency and Evaluation are dismissed for failure to state a claim against on which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). To the extent plaintiff's claims concern events which

occurred in Manhattan in the Southern District of New York, those claims are also dismissed.

To the extent plaintiff's claims concern events which occurred in this District, plaintiff is directed to file an amended complaint containing the information specified in this Order. The complaint must be submitted within thirty days of the date of this Order, be captioned "Amended Complaint," and bear the same docket number as this Order. Plaintiff is advised that the amended complaint will completely replace the original complaint. No summons will issue at this time and all further proceedings will be stayed for thirty days or until plaintiff has complied with this Order. If plaintiff fails to comply with this Order within the time allowed, the complaint will be dismissed. Once submitted, the amended complaint will be reviewed for compliance with this Order and pursuant to 29 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
BRIAN M. COGAN
United States District Judge

Dated: Brooklyn, New York
November 21, 2006